**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

PRISCILLA WATSON,

    Plaintiff,

v.                                                           Case No. _____

USAA FEDERAL SAVINGS BANK,

    Defendant.

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Priscilla Watson sues Defendant USAA Federal Savings Bank and alleges:

**Introduction**

1. This is an action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

2. The TCPA was enacted to prevent companies like Defendant from invading American citizens' privacy and to prevent abusive "robocalls."

3. In describing the importance of the TCPA, Senator Hollings, the TCPA's Sponsor, said "I echo Supreme Court Justice Louis Brandeis, who wrote 100 years ago that 'the right to be left alone is the most comprehensive of rights and the one most valued by civilized man.'" 137 Cong. Rec. 30,821 (1991).

4. "Senator Hollings presumably intended to give telephone subscribers another option: telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1256 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls are far and away the biggest consumer complaint to the FCC with over 200,000 complaints each year – around 60 percent of all the complaints [the FCC] receive[d]. Some private analyses estimate that U.S. consumers received approximately 2.4 billion robocalls per month in 2016." https://www.fcc.gov/about-fcc/fcc-initiatives/fccs-push-combat-robocalls-spoofing.

6. As the Seventh Circuit Court of Appeals wrote: "No one can deny the legitimacy of the state's goal: Preventing the phone (at home or in one's pocket) from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious." *Patriotic Veterans v. Zoeller*, 845 F.3d 303, 305-06 (7th Cir. 2017).

## Jurisdiction, Venue and Parties

7. This Court has original jurisdiction over Plaintiff's claims arising under the TCPA pursuant to 28 U.S.C. § 1331.

8. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367, as the state law claim arises out of a common nucleus of operative fact, and forms part of the same case or controversy.

9. Personal jurisdiction exists over Defendant as it has the necessary minimum contacts with the State of Florida, this suit arises out of Defendant's specific conduct with Plaintiff in Florida, and Plaintiff was injured in Florida.

10. Venue is appropriate in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391, as the events giving rise to Plaintiff's claims occurred in Hillsborough County, Florida.

11. Plaintiff is a natural person, and resident of the State of Florida, residing in Hillsborough County, Florida.

12. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

13. Plaintiff is an "alleged debtor."

14. Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F.3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

15. Defendant is a corporation formed in Texas, with its principal place of business located at 9800 Fredericksburg Road, San Antonio, Texas 78288 and which conducts business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

16. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute § 559.55(6).

17. Defendant is a "creditor" as defined in Florida Statute § 559.55(5).

**General Allegations**

18. Defendant called Plaintiff on Plaintiff's cellular telephone more than 50 times in an attempt to collect an alleged debt.

19. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number 813-***-8071, and was the called party and recipient of Defendant's calls.

20. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following telephone numbers: 800-531-0378 and 800-531-7013.

21. On several occasions since Defendant's campaign of phone calls began, Plaintiff instructed Defendant's agent(s) to stop calling her cellular telephone.

22. On or around October 15, 2018, Plaintiff answered a call from Defendant to the aforementioned cellular telephone number. Plaintiff told Defendant's agent that she was not able

3

to pay her bill. Plaintiff had lost her job at the time and was looking for work. Plaintiff told Defendant to stop calling her. Plaintiff also told Defendant's agent that the calls were harassing, and that if Defendant did not stop, she was going to hire an attorney. Defendant's agent responded by telling Plaintiff that it was "not against the law to call" her.

23. Despite Plaintiff's demand that the calls stop, Defendant continued to place harassing phone calls to Plaintiff's cell phone. By way of example, Plaintiff was able to document Defendant's continued calls to her as follows:

| **Date**   | **Time**  | **# Calling**  |
|------------|-----------|----------------|
| 10-17-2018 | 8:23 AM   | 800-531-0378   |
| 10-17-2018 | 6:11 PM   | 800-531-7013   |
| 10-18-2018 | 8:38 AM   | 800-531-0378   |
| 10-18-2018 | 6:03 PM   | 800-531-7013   |
| 10-19-2018 | 8:23 AM   | 800-531-0378   |
| 10-19-2018 | 11:29 AM  | 800-531-0378   |
| 10-19-2018 | 2:58 PM   | 800-531-7013   |
| 10-22-2018 | 8:24 AM   | 800-531-0378   |
| 10-22-2018 | 6:13 PM   | 800-531-7013   |
| 10-23-2018 | 8:28 AM   | 800-531-0378   |
| 10-23-2018 | 6:28 PM   | 800-531-7013   |
| 10-24-2018 | 8:35 AM   | 800-531-0378   |
| 10-24-2018 | 11:40 AM  | 800-531-0378   |
| 10-24-2018 | 2:41 PM   | 800-531-0378   |
| 10-24-2018 | 6:14 PM   | 800-531-7013   |
| 10-25-2018 | 9:54 AM   | 800-531-0378   |
| 10-25-2018 | 6:25 PM   | 800-531-0378   |
| 10-26-2018 | 9:20 AM   | 800-531-0378   |
| 10-26-2018 | 3:45 PM   | 800-531-0378   |
| 10-27-2018 | 9:25 AM   | 800-531-0378   |
| 10-29-2018 | 12:02 PM  | 800-531-0378   |
| 10-29-2018 | 6:38 PM   | 800-531-0378   |
| 10-30-2018 | 11:26 AM  | 800-531-0378   |
| 11-02-2018 | 9:31 AM   | 800-531-0378   |

24. On or about November 19, 2018, at 12:37 PM, Plaintiff called Defendant and spoke to Defendant's agent/representative. Plaintiff told the agent the calls to her cellular telephone were harassing, and demanded they cease calling her cellular telephone number.

25.     Defendant continued to call Plaintiff's cellular phone three to four times per day on average.  By way of example, Plaintiff was able to document Defendant's continued calls to her as follows:

| Date | Time | # Calling |
|---|---|---|
| 12-03-2018 | 10:09 AM | 800-531-0378 |
| 12-03-2018 | 12:33 PM | 800-531-0378 |
| 12-03-2018 | 2:50 PM | 800-531-0378 |
| 12-03-2018 | 6:00 PM | 800-531-7013 |
| 12-04-2018 | 10:30 AM | 800-531-0378 |
| 12-05-2018 | 10:04 AM | 800-531-0378 |
| 12-06-2018 | 9:32 AM | 800-531-0378 |
| 12-07-2018 | 9:20 AM | 800-531-0378 |
| 12-10-2018 | 10:56 AM | 800-531-0378 |
| 12-11-2018 | 9:23 AM | 800-531-0378 |
| 12-12-2018 | 9:15 AM | 800-531-0378 |
| 12-13-2018 | 9:37 AM | 800-531-0378 |
| 12-15-2018 | 9:16 AM | 800-531-0378 |
| 01-02-2019 | 9:49 AM | 800-531-0378 |
| 01-03-2019 | 9:41 AM | 800-531-0378 |
| 01-04-2019 | 10:05 AM | 800-531-0378 |
| 01-05-2019 | 9:28 AM | 800-531-0378 |
| 01-07-2019 | 10:12 AM | 800-531-0378 |
| 01-08-2019 | 9:38 AM | 800-531-0378 |
| 01-09-2019 | 9:28 AM | 800-531-0378 |
| 01-10-2019 | 9:47 AM | 800-531-0378 |

26.     Each call Defendant made to Plaintiff's aforementioned cellular telephone number after Plaintiff revoked her consent to receive such calls, was made willfully or knowingly.

27.     Upon information and belief, some or all of the calls Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or

5

prerecorded voice; and to dial such numbers as specified by 47 U.S.C. § 227(a)(1) (hereinafter "autodialer calls").

28. Sometimes when Plaintiff answers Defendant's calls to her cell phone, she hears a pause before she is connected to a live agent.

29. A pause in the phone call before being connected to a live agent is indicative of an automatic telephone dialing system. *See, e.g., Cummings v. Rushmore Loan Mgmt. Serv.*, No. 8:17-cv-1652-T-33MAP, 2017 U.S. Dist. LEXIS 177619, at *2 (M.D. Fla. Oct. 26, 2017) (explaining that a pause before a live person comes on the line is indicative of an ATDS); *France v. DiTech Fin., LLC*, No. 8:17-cv-3038-T-24MAP, 2018 U.S. Dist. LEXIS 58711, at *19-20 (M.D. Fla. Apr. 6, 2018) (same).

30. Sometimes when Plaintiff answers Defendant's phone calls to her cell phone, an artificial or prerecorded voice plays.

31. The use of an artificial or prerecorded voice is indicative of an automatic telephone dialing system. *See, e.g., Cummings v. Rushmore Loan Mgmt. Serv.*, No. 8:17-cv-1652-T-33MAP, 2017 U.S. Dist. LEXIS 177619, at *2 (M.D. Fla. Oct. 26, 2017) (explaining that a the use of an artificial or prerecorded voice during the call is indicative of an ATDS); *France v. DiTech Fin., LLC*, No. 8:17-cv-3038-T-24MAP, 2018 U.S. Dist. LEXIS 58711, at *19-20 (M.D. Fla. Apr. 6, 2018) (same).

32. As demonstrated in ¶¶ 23 and 25 above, Plaintiff received a large number of phone calls from Defendant, often multiple times per day, on back-to-back days.

33. A large volume and frequency of calls is indicative the calls were made from an ATDS. *See, e.g., Cummings v. Rushmore Loan Mgmt. Serv.*, No. 8:17-cv-1652-T-33MAP, 2017

U.S. Dist. LEXIS 177619, at *2 (M.D. Fla. Oct. 26, 2017) (explaining that a large number and frequency of calls is indicative of an ATDS).

34. Despite Plaintiff clearly and unequivocally revoking any consent Defendant may have believed it had to call Plaintiff on her cellular telephone, Defendant continued to place automated calls to Plaintiff.

35. Plaintiff's conversations with Defendant's agents/representatives over the telephone, wherein she demanded cessation of calls, were in vain as Defendant continued to bombard her with automated calls unabated.

36. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times during one day, and on back-to-back days, with such frequency as can be reasonably expected to harass. *See, e.g., Miller v. Ginny's, Inc.*, 287 F. Supp. 3d 1324, 1330 (M.D. Fla. Dec. 13, 2017) (explaining that continued phone calls after a called party has explained the circumstances or requested the calls to stop, can be reasonably expected to harass the called party).

37. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to call individuals just as it did to call Plaintiff's cellular telephone in this case.

38. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to call Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or Defendant, to remove the number.

39. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff despite these individuals explaining to Defendant they wish for the calls to stop.

40. Defendant has other federal lawsuits against it alleging violations similar to those stated in this Complaint.

41. Defendant has numerous complaints against it from consumers across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

42. Defendant has had numerous complaints against it from consumers across the country asking to not be called; however, Defendant continues to call the consumers.

43. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

44. Not a single Defendant placed to Plaintiff was placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

45. Defendant willfully or knowingly violated the TCPA with respect to Plaintiff.

46. From each and every call Defendant placed to Plaintiff's cellular telephone without express consent, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

47. From each and every call Defendant placed to Plaintiff's cellular telephone without express consent, Plaintiff suffered the injury of occupation of her cellular telephone line and cellular telephone by unwelcome calls, making the telephone unavailable for legitimate callers or outgoing calls while the telephone was ringing from Defendant's calls.

48. From each and every call Defendant placed to Plaintiff's cellular telephone without express consent, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the telephone and

deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

49. Each and every call Defendant placed to Plaintiff's cellular telephone without express consent was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the telephone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

50. Each and every call Defendant placed to Plaintiff's cellular telephone without express consent resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone's battery power.

51. Each and every call Defendant placed to Plaintiff's cellular telephone without express consent where a voice message was left, occupied space in Plaintiff's telephone or network.

52. Each and every call Defendant placed to Plaintiff's cellular telephone without express consent resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular telephone and her cellular telephone services.

53. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress and anxiety.

## COUNT I
### (Violation of the TCPA)

54. Plaintiff restates and incorporates herein her allegations in paragraphs 1 through 53 as if fully set forth herein.

55. Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that she wished for the calls to stop.

56. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C. § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

57. Plaintiff restates and incorporates herein her allegations in paragraphs 1 through 53 as if fully set forth herein.

58. At all times relevant to this action Defendant was subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

59. Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of her family with such frequency as can reasonably be expected to harass the debtor or her family.

60. Defendant has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her family.

61. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

Respectfully submitted,

/s/ R. Kersey
_____
Joshua R. Kersey
Florida Bar No.: 87578
MORGAN & MORGAN, PA
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Phone: (813) 225-6734
Fax:    (813) 222-2490
JKersey@ForThePeople.com
Secondary: JessicaK@ForThePeople.com
*Attorney for Plaintiff*